# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Tanh Van Tran,

Petitioner,

v.

David R. Rivas, et al.,

Respondents.

No. CV-25-04329-PHX-MTL (CDB)

**ORDER**

On November 19, 2025, Petitioner, through counsel, filed a habeas corpus petition under 28 U.S.C. § 2241 seeking release from immigration detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and a Motion for Preliminary Injunction requesting the same. (Docs. 1, 3).[*]  By Order dated November 24, 2025, the Court ordered Respondents to answer the Petition and respond to the injunctive motion on an expedited basis. (Doc. 7). Both the Petition and injunctive motion are now fully briefed. (Docs. 16, 19).  For the reasons that follow, the Court will deny the Petition.

. . . .

. . . .

---

[*] In the Petition, Petitioner also raised a challenge to the possibility he might be removed to a third country. (Doc. 1 at 11). There is no indication Respondents are seeking to remove Petitioner to a third country. Therefore, Petitioner's claim regarding third country removal is, at this juncture, speculative. For purposes of standing, an injury must be "'concrete and particularized,' as well as 'actual or imminent,'" and cannot be 'conjectural or hypothetical.'" *Carney v. Adams*, 592 U.S. 53, 58 (2020) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  It is not at all clear Petitioner will be subject to third country removal. Accordingly, Ground Two will be dismissed without prejudice.

## I.    Background

Petitioner is a native of Vietnam who entered the United States as a lawful permanent resident in 1979 pursuant to a refugee program. (Doc. 16-1 ¶ 4). In 1995, Petitioner was convicted of burglary and sentenced to 240 days in jail and probation. (*Id.* ¶ 5). And in 1998, he was convicted of assault with a firearm and sentenced to five years in prison. (*Id.* ¶ 6). After those criminal convictions, DHS initiated removal proceedings against Petitioner in 2002. (*Id.* ¶¶ 5-7). On March 14, 2002, an immigration judge (IJ) ordered Petitioner removed to Vietnam. (*Id.* ¶ 9). On March 20, 2002, ICE (then known as Immigration and Naturalization Service (INS)) requested a travel document from Vietnam to effect Petitioner's removal, but "was unable to obtain a travel document." (*Id.* ¶ 10). Petitioner was apparently released from custody sometime thereafter, but "returned to immigration custody in 2004, 2007, 2008, 2009, 2010, and 2019" due to "criminal apprehensions" for crimes including driving under the influence, burglary, and possession of a controlled substance. (*Id.* ¶ 11; Doc. 1 at 4-5). Each time, however, Petitioner was eventually "released from immigration custody on an order of supervision because ICE was unable to obtain a travel document." (Doc. 16-1 ¶ 11).

On June 17, 2025, ICE again took Petitioner into custody. (*Id.* ¶ 12). On October 14, 2025, "local [ICE Enforcement and Removal Operations (ERO)] made a Travel Documents Request with HQ RIO." (*Id.* ¶ 13). As of October 27, 2025, ERO had "prepared documents for the Travel Documents Request and will submit the [travel documents] request once a removal date has been determined." (*Id.*).

As of the date of this Order, Petitioner remains detained by ICE.

## II.    Legal Standard

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the Government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner

- 2 -

becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (holding that 8 U.S.C. § 1231(a)(6) "does not permit indefinite detention"). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. *Id.* at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than six months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized [by statute]." *Id.* at 699.

**III.    Discussion**

Here, Petitioner's removal order became final on or about March 14, 2002. (Doc. 16-1 ¶ 9). As such, the § 1231(a)(1) removal period expired 90 days later, and—given the repeated instances in which Petitioner has been detained (*id.* ¶ 11)—it appears that the post-§ 1231(a)(1) *Zadvydas* period has also expired.

Petitioner argues that there is no reason to expect that Respondents will be able to effectuate his removal given that it has unsuccessfully attempted to do so on eight prior occasions and has—to date—failed to even request travel documents for Vietnam in order to effect his removal.

But *Zadvydas* does not enshrine a rigid legal framework whereby immigration officials must move at warp speed to effectuate removal before an artificial deadline expires. Post-*Zadvydas* decisions, discussed here, recognize the challenges they face in carrying out the law as enacted by Congress and thereby impart flexibility onto the framework. The fact is that removal may take time, and it is largely within the

administration's discretion to detain an alien so long as detention does not become unconstitutionally indefinite.

As such, to obtain relief Petitioner must first provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and, if he does so, Respondents "must respond with evidence sufficient to rebut that showing." *Id.* at 701. It is quite clear, however, that just because an alien's detention "lacks a certain end date" does not mean that it is "indefinite" in violation of the Constitution. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008). And, in *Denmore v. Kim*, 538 U.S. 510, 527-28 (2003), the Supreme Court clarified its holding in *Zadvydas* that conditions of unconstitutionality arise only where removal was "no longer practically attainable."

Respondents demonstrate that immigration officials are taking active steps to facilitate Petitioner's removal. The declaration of Jorge Hernandez indicates that, on October 14, 2025, Enforcement and Removal Operations ("ERO") at the San Diego Field Office has "made a Travel Documents Request with HQ RIO." (Doc. 16-1 ¶ 13). "As of October 27, 2025, ERO has prepared documents for the Travel Documents Request and will submit the TD request once a removal date has been determined." (*Id.*) The declaration further indicates that "ICE has removed Vietnamese citizens to Vietnam as recently as November 2025" and that "ICE routinely has flights to Vietnam." (*Id.* ¶¶ 14-15). The declaration states that, "[o]nce ICE receives a travel document for Petitioner, his removal can be effectuated promptly." (*Id.* ¶ 16). On this final point, the Court has no reason to doubt that ICE will proceed with a prompt removal once it is cleared to do so.

Vietnamese nationals, moreover, have been successfully removed in the past months under the current administration. (*See* examples cited at Doc. 16 at 5 n.2).

On this record, the Court finds both that Petitioner has failed to show "good reason" to believe that his removal to Vietnam is not significantly likely to occur in the reasonably foreseeable future. Petitioner has been detained for seven months, and immigration

- 4 -

officials are working to remove him.  The Petition will be dismissed without prejudice. Petitioner may reassert his claims if Respondents are unable to remove Petitioner within the reasonably foreseeable future.

**IT IS THEREFORE ORDERED** that:

(1)    The Petition for Habeas Corpus (Doc. 1) is **denied without prejudice**.

(2)    Petitioner's Motion for Preliminary Injunction (Doc. 3) is **denied as moot**.

(3)    The Clerk of Court must enter judgment accordingly and close this case.

Dated this 27th day of January, 2026.

Michael T. Liburdi
United States District Judge